911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rickey Lee SMITH, Roberta Jean Hurse, Plaintiffs-Appellants,
v.
Sam WATSON, Director Public Safety, Willie Elliott,
Detective Investigation Unit, Robert Massengale, Detective
Investigation Unit, T. O'Brien, Officer, The Benton Harbor
Police Department, Defendants-Appellees.
 No. 89-2228.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rickey Lee Smith and Roberta Jean Hurse, two pro se Michigan prisoners, appeal from a judgment granting the defendants' motion for summary judgment and dismissing their civil rights complaint filed under 42 U.S.C. Sec. 1983.
 
 
 4
 Smith and Hurse sued the Benton Harbor Police Department, the city's public safety director and three city police investigators and officers, seeking damages for an alleged violation of the plaintiffs' fourth amendment protection against unreasonable search and seizure. Smith and Hurse also alleged that they were deprived of due process by the defendants' act of negligently leaving the plaintiffs' apartment unsecured after completing the search, resulting in the entire contents of their apartment being stolen or converted. The matter was referred to a magistrate, who granted the defendants' motion to stay discovery pending resolution of the defendants' immunity defense. After affording to Smith and Hurse an opportunity to respond to defendants' motion to dismiss based on the immunity defense and based on failure to state a claim under 42 U.S.C. Sec. 1983, the district court determined the defendants were immune from the suit and dismissed the complaint.
 
 
 5
 On appeal, the appellants raise only the property issue. Upon review, we conclude that the complaint was properly dismissed for the reasons set forth in the district court's opinion accompanying the judgment. The appellants' claim of mere negligence does not give rise to liability under Sec. 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986). Although the appellants argue that the defendants' actions involved gross negligence and deliberate indifference to their property interests, the facts alleged in support of this legal conclusion are not sufficient to charge the defendants with outrageous conduct or arbitrary use of government power. Therefore, the appellants have not stated a cognizable constitutional claim entitled to relief under Sec. 1983. Jones v. Sherrill, 827 F.2d 1102, 1106 (6th Cir.1987); Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 282 (6th Cir.1987) (en banc).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation